**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-21752-Civ-COOKE/GOODMAN**

MAGDALIA MARMOL,

      Plaintiff,

vs.

MOUNT SINAI HOSPITAL,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Magdalia Marmol's ("Plaintiff") Complaint (ECF No. 1) appears to arise out of a dependency case involving Plaintiff's granddaughter. Plaintiff alleges that her temporary custody and human and constitutional rights were violated pursuant to Florida Statutes sections 39.509 and 39.623 when the head nurse at Defendant Mt. Sinai Hospital ("Defendant") prepared her "grandchild to be given away to Ms. Maria Elena Rubio." Compl., ECF No. 1, p. 1. Plaintiff seeks damages in the amount of $5,000,000. Defendant has filed a Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 26), which Plaintiff opposes (ECF No. 27). After reviewing the pleadings, the record, relevant legal authorities, and for the reasons explained below, Defendant's Motion is granted.

## I. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint on several grounds, including that Plaintiff failed to allege "a short and plain statement of the grounds for the court's jurisdiction" pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(1), Plaintiff's Complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8(a)(2), and Plaintiff has not stated a claim upon which relief can be granted pursuant to Rule 12(b)(6).[1] Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court

---

[1] Defendant also contends that Plaintiff's Complaint is barred on its face by the four-year statute of limitations in Florida Statute section 95.11(3)(f). Because Plaintiff's Complaint is subject to dismissal on other grounds, I do not address the statute of limitations argument.

license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

Defendant first argues that Plaintiff has not provided a short and plain statement explaining how this Court has jurisdiction as required by Rule 8(a)(1). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). While Plaintiff's claims appear to be premised more on Florida state statutes related to dependency proceedings than anything else, taking the Complaint in the light most favorable to Plaintiff, I must assume her allegation of a violation of her constitutional rights refers to a federal Constitutional right. Plaintiff's claim is therefore not subject to dismissal pursuant to Rule 8(a)(1).

Defendant next argues Plaintiff has failed to state a cause of action and allege facts that show she is entitled to relief pursuant to Rules 8(a)(2) and 12(b)(6). I agree. While Plaintiff claims all of her human and constitutional rights were violated, Rule 8 requires more specificity as to which constitutional rights were violated and how so that Defendant can fashion an appropriate response. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, neither Florida statute referenced by Plaintiff provides for a private right of action for damages. *See* Fla. Stat. § 39.509 (relating to grandparents visitation rights to their grandchildren who are adjudicated dependent); § 39.6231 (relating to permanent placement of dependent children with a fit and willing relative). "[M]ost courts generally look to the legislative intent of a statute to determine whether a private cause of action should be judicially inferred." *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994). Both statutes at issue here are found in Chapter 39, Proceedings Relating to Children, the purpose of which is to "[t]o provide for the care, safety, and protection of children in an environment that fosters healthy social, emotional, intellectual, and physical development; to ensure secure and safe custody; to promote the

health and well-being of all children under the state's care; and to prevent the occurrence of child abuse, neglect, and abandonment." Fla. Stat. § 39.001(1)(a). Neither one indicates any intention to provide a private right of action for money damages against a hospital for its alleged failure to comply with either statute. Even assuming Plaintiff had alleged specific facts that either statute had been violated in compliance with Rule 8(a)(1), Rule 12(b)(6) would still counsel dismissal because neither statute provides for a private right of action.

## II. CONCLUSION

For the reasons explained in this Order, Defendant's Motion to Dismiss (ECF No. 26) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, Miami, Florida, this 30th day of November 2017.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*